**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 20, 2014

LETTER TO COUNSEL

      RE:    *Robin Maurice Joyner v. Commissioner, Social Security Administration*;
               Civil No. SAG-13-3623

Dear Counsel:

On December 2, 2013, Plaintiff Robin Maurice Joyner petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Joyner filed his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 15, 2010. (Tr. 127–37). He alleged a disability onset date of October 26, 2010. (Tr. 127, 134). His claims were denied initially and on reconsideration. (Tr. 65–72, 76–81). A hearing was held on July 9, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 32–44). Following the hearing, the ALJ determined that Mr. Joyner was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19–24). The Appeals Council denied Mr. Joyner's request for review, (Tr. 1–4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Joyner suffered from the severe impairments of lumbar disc disease and asthma. (Tr. 20). Despite these impairments, the ALJ determined that Mr. Joyner retained the residual functional capacity ("RFC") to perform the full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 20). The ALJ did not hear testimony from a vocational expert ("VE"), but instead concluded that a finding of "not disabled" was directed by Medical-Vocational Rule 202.14. (Tr. 24).

On appeal, Mr. Joyner contends that he suffered from both exertional and nonexertional limitations, precluding the ALJ from relying on the Medical-Vocational Rules in making a disability determination. Hence, he claims that the ALJ should have instead relied on VE testimony regarding his capability to find work in the national economy. Because I agree that the ALJ's analysis of Mr. Joyner's nonexertional limitations was inadequate, I find that remand

is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Joyner is not entitled to benefits was correct or incorrect.

The Medical-Vocational Rules (the "Grids"), which are set forth in Appendix 2 of Subpart P of the regulations, allow an ALJ to evaluate a claimant's capability to do other work at Step Five of the sequential evaluation process. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 200.00. The Grids consider a claimant's RFC, age, education, and work experience, and direct a decision of "disabled" or "not disabled," based on whether there are jobs that exist in significant numbers in the national economy that a claimant can perform. When the ALJ's findings coincide with all of the criteria of a rule, the rule is dispositive as to whether a claimant is disabled. *Id.* However, when the ALJ's findings do not coincide with the criteria of a rule, such as when the claimant suffers from both exertional and nonexertional limitations, the Fourth Circuit has instructed that the Grids should instead serve as guidelines. *See id*; *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also* 20 C.F.R. §§ 404.1569a(c), 416.969a(d). This is because nonexertional limitations may erode the occupational base for a designated level of work. *See Aistrop v. Barnhart*, 36 F. App'x. 145, 147 (4th Cir. 2002). Exertional limitations affect a claimant's ability to meet the strength demands of jobs and include restrictions related to sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. §§ 404.1569a(a), 416.969a(a). In contrast, nonexertional limitations affect a claimant's ability to meet the non-strength demands of jobs, including difficulty tolerating physical features of work settings such as dust and fumes, and difficulty performing manipulative or postural functions of work such as reaching, handling, stooping, climbing, crawling, or crouching. *Id.* at §§ 404.1569a(c)(1), 416.969a(c)(1).

As a general matter, the Fourth Circuit has ruled that where a claimant "demonstrates the presence of nonexertional impairments," the Commissioner must use expert vocational testimony, rather than relying on the Medical-Vocational Guidelines. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir.1983). However, over time the broad language of *Grant v. Schweiker* has been read somewhat more narrowly. As set forth by this Court in *Mackall v. Astrue*:

> [t]he mere presence of nonexertional limitations does not, *per se*, preclude application of the Medical-Vocational Guidelines, as nonexertional limitations rise to the level of nonexertional impairments and preclude the use of the Guidelines only when the limitations are significant enough to prevent a wide range of gainful activity at the designated level.

No. 1:08-cv-03312-PWG, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2010) (citations omitted). Not every nonexetional limitation precludes reliance on the Grids.

In this case, the ALJ determined that Mr. Joyner retained the residual functional capacity to perform the full range of light work, and identified no other exertional or nonexertional limitations. Social Security regulations explain that light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal

of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1557, 416.967.

Mr. Joyner cites to several exertional restrictions that he claims precluded the ALJ's use of the Grids. First, he emphasizes his need for a wheelchair and a cane. Pl.'s Mem. 6. However, the ALJ explicitly found that the "[r]ecords do not support the necessity of a wheelchair or even a cane . . . the claimant was able to ambulate effectively without the cane [at his consultative examination] and his use of the cane and wheelchair are exaggerations." (Tr. 23). Mr. Joyner also claims he suffers from exertional limitations reflected in the opinion of Dr. Flowers, his treating physician. Pl.'s Mem. 6–7. However, the ALJ specifically discredited the opinion of Dr. Flowers, citing multiple inconsistencies between Dr. Flowers's opinion and his own treating records, as well as the fact that Dr. Flowers's opinion relied primarily on the subjective complaints of the claimant. (Tr. 22–23). Mr. Joyner does not contest the ALJ's decision to discount his credibility or to discount the opinion of Dr. Flowers. Indeed, the ALJ supported those decisions with substantial evidence.

Mr. Joyner also notes that the Physical Residual Functional Capacity assessment completed by Dr. Lauderman, a state agency medical consultant, identifies several nonexertional limitations. Pl.'s Mem. 7. Dr. Lauderman opined that Mr. Joyner was limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. (Tr. 368). He stated that Mr. Joyner could never climb ladders, ropes, and scaffolds, and that he should avoid concentrated exposure to extreme heat and cold. (Tr. 368, 370). The ALJ assigned the opinion of Dr. Lauderman "great weight," but did not explain why the postural and environmental limitations recommended by Dr. Lauderman were not included in his RFC assessment. Nor did he assess whether the limitations in Dr. Lauderman's opinion eroded the occupational base of light work he determined Mr. Joyner was exertionally capable of performing. Failure to discuss any one of the individual limitations might have been harmless.[1] However, the same cannot be said for the ALJ's failure to discuss whether the nonexertional limitations, when considered in combination, eroded the occupational base of light work.[2] Because the ALJ did not discuss whether the limitations affected Mr. Joyner's RFC and, if so,

---

[1] Social Security Ruling 83–14 clarifies how the Grids "provide a framework for decision concerning persons who have both a severe exertional impairment and a nonexertional limitation or restriction." SSR 83–14, 1983 WL31254, at *1 (1983). With regard to the nonexertional limitations identified by Dr. Lauderman, the ruling explains that: "relatively few jobs in the national economy require ascending or descending ladders and scaffolding"; "to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch and would need to stoop only occasionally"; and examples of nonexertional limitations that "have very little or no effect on the unskilled light occupational base . . . are inability to ascend or descent scaffolding, poles, and ropes; inability to crawl in hands and knees." *Id.* at *2, *5.

[2] Social Security regulations consistently emphasize the importance of considering the combined effect of impairments and symptoms in reaching a disability determination. *See, e.g.*, 20 C.F.R. §§ 404.1523, 416.923 ("[We] will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity . . . the combined impact of the impairments will be considered throughout the disability determination process."); *id.* §§ 404.1529, 416.929 ("Generally, when a symptoms is one of the criteria in a listing, it is only necessary that the symptom be present in combination with the other criteria.").

whether they eroded the occupational base of light work he was exertionally capable of, the ALJ's conclusion that Mr. Joyner was not disabled was not supported by substantial evidence. Remand is thus necessary so that the ALJ can consider the impact of the nonexertional limitations identified by Dr. Lauderman on the ultimate disability determination.

    For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15, 19) are DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge